No. 630.

D. C. MORGAN ET AL. VS. D. T. LOCKE ET AL.

Vaughn's appointment as public administrator was made by a court of competent jurisdiction. The validity of his appointment can not be inquired into collaterally.

It is immaterial whether the representative of the succession designated himself as curator or administrator. The point to be determined would be, not the title by which he designates himself, but the power which he has to represent the succession.

The defendants set up title to the property in controversy, which, they say, was acquired by them from their father, John Turner, and in support of their claim present the following document: " One day after date, we, or either of us, promise to pay to John Turner or bearer the sum of six thousand two hundred dollars for a tract of land known as the Dockey place, with eight per cent interest from date until paid. August 23, 1869. Signed: Jackson Turner, Obadiah Turner."

This note is certainly no title. It is not an act of sale, and it transfers no property. The fact that it was recorded gives to it none of the forms required for the transmission of real estate, nor does it change the character of the instrument, which is nothing more than an unconditional obligation to pay a certain sum of money.

The will of Turner, their pretended vendor, is not evidence of any sale; it is not even a donation, for the document expressly says that the proceeds of the note aforesaid, when paid, are to be distributed equally among all the children. The most that can be said of defendants' title is that they, perhaps, hold under a verbal sale. But a verbal sale or other disposition of real estate is only proof against the vendor or vendee who confesses it when interrogated on oath. The document relied on is neither a confession under oath nor an answer to interrogatories. It can not, therefore, as to third parties, be of any force.

The succession of Turner being under administration, the heirs in this condition of affairs were not competent to make deeds one to the other of property belonging to the estate in which they had only a residuary interest.

The payment of the aforesaid note to the administrator of the succession did not make their title good, as they claim, because they had no title. The payment could not create a title or even complete a defective one.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray*, J. Jury trial. *Todd & Brigham*, for plaintiffs and appellants. *Newton & Hall*, for defendants and appellees.

MORGAN, J. This is a petitory action. Plaintiffs claim title under a sale made by the public administrator under an order from the parish court. Defendants deny the validity of the title set up against them, and also claim title from the original owner, in whose succession the property was sold.

The land in dispute belonged to John Turner, who was a citizen of the State of Arkansas. He died, and his succession was opened in the parish of Morehouse, in the latter part of the year 1869. Rival applicants for the administration of his estate laid claim to the right of administering thereon. Pending their contest, William H. Vaughn, public administrator, applied to be appointed administrator until another administrator should be appointed and qualified. He also asked that an inventory might be taken of the property of the deceased. The judge ordered that Vaughn

be appointed to take charge of and administer the succession until superseded by an order of court, and that an inventory be taken, which was done. Upon the inventory figures the property now in dispute. These orders were granted on the thirteenth of February, 1870. On the eleventh of May, 1871, the public administrator asked for and obtained an order to sell the lands inventoried, in order to pay debts.

No decision seems to have been arrived at in the contest between the parties who originally claimed the right to be appointed administrator, and on the thirteenth of May, 1873, the public administrator, alleging that more than two years had elapsed since he was appointed to take charge of the estate; that since that time the contestants had made no effort to close their contest, but had, in fact, abandoned it; and that he, the public administrator, was in charge of the estate, and unable to settle it for the reason that he had no authority to sell property, which it was necessary to do, the succession being in debt; prayed to be confirmed as administrator, with power to sell property and pay debts, and that the contest between the rival applicants for the administration be declared abandoned.

The order was made as prayed for. Mrs. Mary A. Risor, alleging herself to be a creditor in her capacity as administratrix of the estate of her former husband, Halloway, prayed the parish court to order the public administrator to sell the property of the succession. Service was made on the administrator, who accepted the same and said that he made no objection to the demand. Whereupon the court ordered the administrator to sell as much of the property of the succession as might be necessary to pay the debts thereof. The order was made on the eighteenth of August, 1873.

The sale was made pursuant to this order, and not under the order of the eleventh of May, 1871, above referred to. At the sale the defendants, through their counsel, notified the parties present that the administrator was selling their property and that the purchaser would acquire no title.

At the sale the present plaintiffs became the purchasers. The defendants are in possession. Plaintiffs claim under the deed from Vaughn, public administrator. Defendants say that Vaughn was without authority to sell, because his appointment as administrator was an absolute nullity. Vaughn's appointment was made by a court of competent jurisdiction. The validity of his appointment can not be inquired into collaterally. They next object to Vaughn's title, because it purports to to be from Vaughn, curator, instead of from Vaughn, public administrator. But it seems to us immaterial whether the representative of the succession designated himself as curator or administrator. The point to be determined would be, not the title by which he designates himself, but

the power which he had to represent the succession, and whether the deed comes from one who calls himself curator or administrator is of little consequence.    The defendants next set up title to the property which, they say, they acquired from their father, John Turner, before his death.

The first evidence which they produce in support of their claim is a note, which is as follows:

" $6200.                                                LINE, LOUISIANA.

" One day after date we, or either of us, promise to pay to John Turner or bearer the sum of six thousand two hundred dollars for a tract of land known as the Dockey place, with eight per cent interest from date until paid.

" August 23, 1869.

        " (Signed)                              " JACKSON TURNER,.
                                                " OBADIAH TURNER."

This note was recorded in the notarial book in the parish of Morehouse.    This note is certainly no title.    It is no act of sale, and it transfers no property.    The fact that it was recorded gives to it none of the forms required for the transmission of real estate, nor does it change the character of the instrument, which is nothing more than an unconditional obligation to pay a certain sum of money.

The next evidence of title which they bring forward is a document which, they say, was intended to be the will of John Turner, their vendor, in which it is declared that the land in question is to be equally divided between the plaintiffs after they shall have paid for the same; i. e., after their note, which we described above, shall have been paid.    If we admit that the document was properly received in evidence, notwithstanding the objections of the plaintiffs, still the document is not evidence of any sale.    It is not even a donation, for the document expressly says that the proceeds of the note, when paid, are to be distributed equally among all his children.    The most that can be said of the defendants' title, so far, is that they, perhaps, held under a verbal sale.    But a verbal sale, or other disposition of real estate is only good against the vendor or vendee who confesses it when interrogated on oath.    C. C. 2275.    The document now relied on is neither a confession under oath nor an answer to interrogatories.    It can not, therefore, as to third parties, at all events, be considered as a conveyance of real estate or an acknowledgment of the transfer thereof.

On the eighteenth of October, 1869, the defendants' co-heirs went before the recorder of the parish of Morehouse, and, acknowledging that their father had sold the land in question to them (defendants) without any formal deed having been made thereto, sold the land to the defendants.    The consideration of this sale seems to have been the promise to

Morgan vs. Locke.

pay the note above described, to secure the payment whereof they reserved a mortgage. This deed was recorded. But at the time this deed was passed the succession of John Turner was under administration. In this condition of affairs the heirs were not competent to make deeds one to the other of property belonging to the estate in which they had only a residuary interest. They had no power to transfer, consequently their transfer conveyed no title.

They finally contend that they have paid the note which they gave as the price of the land to the administrator of the succession which was opened in Arkansas, and this they claim makes their title good.

But we have seen that they had no title. A payment, therefore, to the administrator would not create a title, or even complete a defective one.

Mrs. Louisa Echols intervened in the suit and claims to be owner of a part of the land in dispute, she having purchased from Jackson Turner. But as we have come to the conclusion that Jackson Turner had no title, and as Mrs. Echols has acquired nothing by prescription, it follows that Mrs. Echols has no title.

It therefore appears:

First—That the succession of John Turner was opened in the parish of Morehouse.

Second—That Vaughn was appointed administrator thereof.

Third—That an inventory of the property belonging to the succession was regularly taken, upon which inventory figures the property in dispute.

Fourth—That the property mentioned as belonging to the succession was sold, at the instance of a creditor thereof, by the administrator.

Fifth—That the sale was made in conformity with the requirements of the law.

Sixth—That the plaintiffs became the purchasers.

It follows, we think, that their title thereto is good.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of the plaintiffs, decreeing them to be the owners of the property described in their petition, the costs of both courts to be borne by defendants.

Rehearing refused.